640 So.2d 826 (1994)
Tanya Brunet BILLIOT, individually, and as Administratrix on Behalf of the Estate of Paul Warren Billiot, Sr. and on Behalf of Her Minor Children Spencer Billiot, Scotty Billiot and Chastity Billiot and
Rita Parfait, Tutrix, on Behalf of Her Minor Children Bambi Cherise Billiot and Paul Warren Billiot, Jr.
v.
LeBEOUF BROTHERS TOWING COMPANY and Bourg Dry Dock and Service Company, Inc.
No. 93 CA 1697.
Court of Appeal of Louisiana, First Circuit.
June 24, 1994.
Rehearing Denied August 30, 1994.
*827 Joseph J. Weigand, Jr., Houma, for plaintiff-appellant Rita Parfait, et al.
Paul M. Sterbcow, Alvarez T. Ferrouillet, Jr. and Kevin Katner, New Orleans, for plaintiff-appellant Tanya Brunet Billiot et al.
E. Phelps Gay New Orleans, for defendant-appellee LeBeouf Bros. Towing Co.
Before WATKINS, SHORTESS and FOGG, JJ.
WATKINS, Judge.
Plaintiffs appeal a judgment sustaining the defendant's exception of res judicata. An important underlying fact that distinguishes this case from a "normal" second case subject to a res judicata challenge is that, despite a previous federal court judgment, plaintiffs have never had their day in court on the merits of their wrongful death action. Finding exceptional circumstances that justify relief from the res judicata effect of the previous judgment, we reverse.
The petition alleges that on October 28, 1991, Paul Warren Billiot was working on a barge owned and operated by defendant LeBeouf Brothers Towing Company (LeBeouf). When he attempted to board the barge by using a metal gangway, the gangway collapsed and he fell to his death.
Filed on October 26, 1992, the instant lawsuit was initiated by a petition of decedent's wife, Tanya Brunet Billiot, individually, as administratrix of Billiot's estate, and on behalf of her three minor children, and of decedent's former wife on behalf of her two minor children. The lawsuit was filed in the Thirty-Second Judicial District Court for the Parish of Terrebonne under the saving to suitors clause and asserted causes of action under the Jones Act (46 U.S.C. § 688) and the general maritime law. The petition alleged that LeBeouf was the owner of the vessel on which the decedent was working and was the employer of the decedent.
In response to the lawsuit, LeBeouf filed an exception of res judicata. Grounds for the exception were that a judgment rendered on October 28, 1992, by Judge Veronica D. Wicker of the United States District Court for the Eastern District of Louisiana, had dismissed a suit by the same plaintiff's who alleged the liability of the same defendant for the death of the decedent.
Filed on March 20, 1992, and on March 27, 1992, the plaintiffs' petitions in federal court invoked the Longshoremen and Harbor Workers' Compensation Act, 33 U.S.C. § 905(b), alleging that Bourg Dry Dock and Service Company, Inc. (Bourg) was the decedent's employer, and that LeBeouf was the owner of the barge on which he was working at the time of his death.[1]
The defendant filed a motion to dismiss and/or for summary judgment in the federal action, alleging that LeBeouf, not Bourg, was decedent's employer, and that as his employer, *828 the vessel owner was immune from tort liability under Section 905(b). Judge Wicker rendered judgment in defendant's favor on October 28, 1992, and denied a motion by plaintiffs for reconsideration, with oral reasons stated on the record on January 6, 1993.
At the hearing on the res judicata motion, plaintiffs' counsel explained that they did not know the true identity of decedent's employer at the time they filed the Section 905(b) claim and that only after LeBeouf responded to discovery questions did they become aware of LeBeouf's status as employer.
In the proceedings sub judice, the Thirty-Second Judicial District Court rendered judgment sustaining the defendant's exception of res judicata and provided written reasons for judgment. Citing LSA-R.S. 13:4231, the trial court stated, in pertinent part:
The central inquiry is not whether the second action is based on the same cause or cause (sic) of action, but whether the second action asserts a cause of action which arises out of the transaction or occurrence which was the subject matter of the first action. Comments1990 to La. R.S. 13:4231. The question for this Court is whether the Plaintiff's (sic) cause of action, the Jones Act claim, existed at the time of the accident. Considering the broad implications of the statute, the answer must be in the affirmative. Plaintiff could have filed suit as a Jones Act seaman at any time prior to final judgment, and according to the statute should have in conjunction with the Federal Court action.
On appeal, the plaintiff's urge that the trial court erred in applying the Louisiana law of res judicata instead of the federal law. Because both Louisiana law (since 1991) and federal law make the "transaction or occurrence" the operative factor for res judicata, we find it unnecessary to decide which law applies; the results we reach would be the same under either statutory provision.
Effective 1991, the Louisiana legislature made a substantial change in the law of res judicata, enacting two new sections of Title 13 of the Louisiana Revised Statutes. They provide:
§ 4231. Res judicata
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
§ 4232. Exceptions to the general rule of res judicata
A judgment does not bar another action by the plaintiff:
(1) When exceptional circumstances justify relief from the res judicata effect of the judgment;
(2) When the judgment dismissed the first action without prejudice; or
(3) When the judgment reserved the right of the plaintiff to bring another action.
The federal courts, for the most part, have expressly adopted the transactional approach of the Restatement 2d, of Judgments, as follows:
§ 24. Dimensions of "Claim" for Purposes of Merger or BarGeneral Rule Concerning "Splitting"
(1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar (see §§ 18, 19), the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, *829 or series of connected transactions, out of which the action arose.
(2) What factual grouping constitutes a "transaction", and what groupings constitute a "series", are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.
Additionally, Federal Rule of Civil Procedure 60, "Relief from Judgment or Order," provides in pertinent part:
(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, ... misrepresentation, or other misconduct of an adverse party; ... or (6) any other reason justifying relief from the operation of the judgment.
We are convinced that the nature of the judgment dismissing plaintiffs' Sec. 905(b) claim justifies relief from its res judicata effect under the exceptional circumstances of the instant case. The federal court judgment dealt with only a portion of plaintiffs' pending claims. Judge Wicker was not presented, and she did not address, any issues under the Jones Act or the general maritime law. Her judgment of dismissal was merely a procedural recognition of no right of action under the Longshoremen's Act. Indeed, if the first judgment had been rendered by a state district court, we would have no difficulty in amending the judgment to read "without prejudice" as is proper when a judgment sustains an exception of no right of action. However, we cannot amend a federal court judgment.
Nevertheless, it is within our jurisdiction in this Jones Act case to recognize that under Federal Rule 60(b) the federal court probably would decide that relief from the "with prejudice" judgment is justified. "The provisions of this rule must be carefully interpreted to preserve the delicate balance between the sanctity of final judgments, expressed in the doctrine of res judicata, and the incessant command of the court's conscience that justice be done in light of all the facts." Bankers Mortgage Co. v. United States, 423 F.2d 73, 77 (5th Cir.1970), cert. den., 399 U.S. 927, 90 S.Ct. 2242, 26 L.Ed.2d 793. We find nothing in the facts of the instant case to suggest that overruling the defendant's exception of res judicata would create a hardship on the defendant so as to disturb the balance between finality and fairness. Indeed, to allow the exception to be sustained is to bar the plaintiff's forever from asserting their claims arising from the alleged wrongful death of their husband and father. The defendant is not entitled to screen itself with a procedural windfall; the plaintiff's are entitled to their day in court. We conclude that the instant case is one of "exceptional circumstances."
Accordingly, pursuant to LSA-R.S. 13:4232 and in conformity with the principle expressed in Rule 60(b), we exercise our discretion to grant relief from the res judicata effect of the first judgment. We reverse the judgment of the district court and remand the case for further proceedings. Costs of this appeal are assessed against the appellee.
REVERSED AND REMANDED.
SHORTESS, J., concurs with reasons.
SHORTESS, Judge, concurring.
Fairness dictates the result reached herein because, as the majority states, if the inequity is not remedied, it would "bar the plaintiff's forever from asserting their claims arising from the alleged wrongful death of their husband and father."
I do note, however, that the new res judicata statute is written to require a plaintiff to assert all causes of action which arise out of the transaction or occurrence at one time, or *830 they are forever barred. In this case, the plaintiffs filed the suit in state court on Oct. 26, 1992. The motion to dismiss was heard in federal court on Oct. 28two days later. The Jones Act claim could have been asserted in federal court under original jurisdiction. Thus, plaintiff's could have amended to add that claim when it received the discovery responses. The LHWC claim falls under the savings to suitors clause and could have been asserted in state court. Plaintiff could have voluntarily dismissed the federal court action and asserted both claims in state court. Plaintiff chose to assert the LHWC claim in federal court and the Jones Act claim in state court, running the risk that dismissal of one would forever bar the other because of the federal and state standards of res judicata.
I respectfully concur.
NOTES
[1] The suits were later consolidated.