JjDOUCET, Chief Judge.
This case arises out of a two-vehicle accident on January 10, 1997, in Iberia Parish, in which Defendant, Thomas R. LeBlanc, ran a stop sign. Because of Mr. LeBlanc’s action, Plaintiffs vehicle struck Mr. LeBlanc’s vehicle. Mr. LeBlanc’s liability (and consequently that of his insurer, United Agents Insurance Company of *133 Louisiana) was determined via a motion for summary judgment. Following a jury trial on the issue of damages, the Plaintiff filed a motion for a judgment notwithstanding the verdict seeking additional damages and alternatively for a new trial. The trial court granted the motion, increasing the awards for general damages, past lost wages, and future loss of earnings or earning capacity. The alternative motion for new trial was also granted. Defendants appeal.
FACTS
Following the accident, Plaintiff sought treatment for headaches, neck, and back pain. Initially, the Plaintiffs physician, Dr. John Humphries, recommended physical therapy and indicated that the Plaintiff was disabled from heavy work. In April 1997, the Plaintiff attempted to return to work. However, his pain returned, ultimately driving him from work. In December 1997, the Plaintiff saw Dr. Louis Blan-da, an orthopedic surgeon. Dr. Blanda performed a two-level lumbar fusion in April 1998. According to Dr. Blanda, the surgery was only partially successful, with the lower level of the fusion only partially healed. The Plaintiff continued to complain of pain, and declined a follow-up surgery offered by Dr. Blanda because he was afraid of the possible untoward results.
Following a three-day jury trial, the jury returned the following verdict in favor of Plaintiff, Wilmer Harris:
| ^Physical pain and suffering (past, present, and future) $ 25,000.00
Mental pain and suffering (past, present, and future) $ 15,000.00
Past medical expenses $ 42,586.75
Future medical expenses $ 10,000.00
Past lost wages $ 11,718.00
Future loss of earnings/earning capacity $ 32,000.00
Loss of enjoyment of life $ 7,500.00
Permanent physical impairment/disability $ 15,000.00
Subsequently, the Plaintiff filed a “Motion for Judgment .Notwithstanding the Verdict (JNOV), or in the Alternative, For Additur or For New Trial.” The motion for JNOV was granted by the trial judge, who found the awards for general damages, past lost wages, and loss of future earning capacity unreasonably low and increased the awards as follows:
Physical pain and suffering (past, present, and future) $100,000.00
Mental pain and suffering (past, present, and future) $ 75,000.00
Past lost wages $ 45,000.00
Future loss of earnings/earning capacity $100,000.00
Loss of enjoyment of life $ 50,000.00
Permanent physical impairment/disability $ 50,000.00
The medical damages remained unchanged. The motion for new trial, filed in the alternative, was conditionally granted on the issue of damages alone, i.e., should the JNOV be over-turned on appeal.
laThe Defendants appeal, presenting the following issues for review:
1. When considering the Motion for Judgment Notwithstanding the Verdict, did the trial court resolve all inferences or factual questions in favor of Thomas R. LeBlanc and United Agents Insurance Company of Louisiana?
2. Did the trial court weigh the evidence and substitute its judgment of the facts for that of the jury?
3. Did the trial court pass on the credibility of the witnesses?
4. Was the jury’s verdict one which could have been reached by reasonable people?
*134 LAW AND DISCUSSION
Last year the Louisiana Supreme Court addressed the trial court’s granting of a JNOV and the standard of review in such a case. In Davis v. Wal-Mart Stores, Inc., 00-445, pp. 4-5 (La.11/28/00); 774 So.2d 84, 89, the court stated as follows:
La. Code of Civil Procedure art. 1811(F) is the authority for a JNOV. This article provides that a motion for judgment notwithstanding the verdict may be granted on the issue of liability or on the issue of damages or on both. The standard to be used in determining whether a JNOV has been properly granted has been set forth in our jurisprudence as follows:
A JNOV is warranted when the facts and inferences point so strongly and overwhelmingly in favor of one party that the court believes that reasonable jurors could not arrive at a contrary verdict. The motion should be granted only when the evidence points so strongly in favor of the moving party that reasonable men could not reach different conclusions, not merely when there is a preponderance of evidence for the mover. If there is evidence opposed to the motion which is of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motion should be denied. In making this determination, the court should not evaluate the credibility of the witnesses and all reasonable inferences or factual questions should be resolved in favor of the non-moving party. Smith v. Davill Petroleum Company, Inc. d/b/al Piggly Wiggly, 97-1596 (La.App. 1 Cir. 12/9/98), 744 So.2d 23. See also Powell v. RTA, 96-0715 (La.6/18/97), 695 So.2d 1326; Anderson v. New Orleans Public Service, 583 So.2d 829 (La.1991); State of Louisiana, DOTD v. Scramuzza, 95-786 (La.App. 5 Cir. 4/30/96), 673 So.2d 1249; Seagers v. Pailet, 95-52 (La.App. 5 Cir. 5/10/95), 656 So.2d 700; Engolia v. Allain, 625 So.2d 723, 728 (La.App. 1 Cir.1993); Adams v. Security Ins. Co. Of Hartford, 543 So.2d 480, 486 (La.1989).
The standard of review for a JNOV on appeal is a two part inquiry. In reviewing a JNOV, the appellate court must first determine if the trial court erred in granting the JNOV. This is done by using the aforementioned criteria just as the trial judge does in deciding whether or not to grant the motion. After determining that the trial court correctly applied its standard of review as to the jury verdict, the appellate court reviews the JNOV using the manifest error standard of review. Anderson v. New Orleans Public Service, Inc., at p. 832.
An appellate court determines whether the trial court erred in granting a JNOV by employing the same criteria as the trial judge. In this case, the trial court found the JNOV necessary, stating that: “The verdict of the jury seemed inconsistent with respect to the awards for general damages as compared to the award for one hundred percent of the past medical expenses and is abusively low with respect to the evidence offered at trial.”
We have examined the record, keeping in mind the issues the Defendants presented for review. Our examination of the record convinces us the trial judge was correct in granting Plaintiffs motion for JNOV. Having so decided, we must now examine the JNOV to determine if the trial judge’s award abused his much discretion.
The standard for appellate review for abuse of discretion in the award of general damages is difficult to express and is necessarily non-specific. Youn v. *135 Maritime Overseas Corp., 623 So.2d 1257, 1261 (La.1993). In Youn, this court recognized that:
[T]he discretion vested in the trier of fact is “great,” and even vast, so that an appellate court should rarely disturb an award of general damages. Reasonable persons frequently disagree about the measure of general damages in a particular case. It is only when the award is, in either j .¡direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award.
Cone.v. Nat’l Emergency Services, Inc., 99-0934, pp. 8-9 (La.10/29/99); 747 So.2d 1085, 1089-90. See also Reck v. Stevens, 373 So.2d 498 (La.1979).
Upon examining the award made by the trial judge after he granted the JNOV, we find no abuse of discretion in his general damage award. However, we find that his awards for past lost wages and future loss of earnings are not supported by the record.
This court set forth the standard in determining past lost wages and stated that: “Lost wages ‘need not be precisely proven, they must be shown with reasonable certainty.’ ” Taylor v. Premier Ins. Co., 98-1935, p. 7 (La.App. 3 Cir. 6/30/99); 742 So.2d 35, 40 (citations omitted). “An award for lost past wages can be ‘computed on the amount the plaintiff would have in all probability’ earned had he been able to work.” Id. at pp. 7-8; at 40. (Citations omitted).
Skipper v. Berry, 99-1433, p. 8 (La.App. 3 Cir. 3/15/00); 762 So.2d 56, 61. Plaintiffs employment history shows that he earned $3,198.00 in 1994, $7,863.00 in 1995, and $13,733.00 in 1996. During those years he was 24, 25 and 26 years old, respectively. The accident which caused Plaintiffs injuries happened January 10, 1997. Evidence in the record reveals that Mr. Harris earned $8,946.78 in 1997. We find no evidence of his earnings in 1998 or 1999. Using the above figures, the highest award for past lost wages supported by the record is $28,818.97 ($13,733.00/year times 2.75 years minus $8,946.78).
As to the award for future loss of earnings, the record reveals that'Plaintiffs major source of income had been from heavy manual labor. In 1997, when working for McDermott, Mr. Harris earned $5.60 per hour. We see no reason, except his |fiinjuries, which would have prevented him from continuing to earn somewhere in this range. Since his operation in April of 1998, he is incapable of heavy manual labor, but is employable. Even at a job paying the Federal Minimum Wage, Mr. Harris would be able to earn $5.15 per hour. Thus, he has lost future earnings of $0.45 per hour. With a work life expectancy of 35 years (he was 30 years old at the time of the trial) this equates to $32,760.00 (2080 hours per year times $0.45 per hour times 35 years).
Inasmuch as we affirm the trial judge’s granting of the JNOV, the issue of the motion for a new trial is moot.
Accordingly, for the reasons stated, we amend the judgment of the trial court to award Plaintiff $28,818.97 in past lost wages and $32,760.00 in future lost earnings; in all other respects, the judgment of the trial court is affirmed. All costs of this appeal are assessed against Defendants, Thomas R. LeBlanc and United Agents Insurance Company of Louisiana.
AFFIRMED AS AMENDED.
AMY and WOODARD, JJ., dissent and assign reasons.