# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 13-630

**ZURICH AMERICAN INSURANCE COMPANY**

**VERSUS**

**PAUL J. COX, ET AL.**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 73445-B
HONORABLE THOMAS F. FUSELIER, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**SHANNON J. GREMILLION**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Shannon J. Gremillion, Phyllis M. Keaty, and John E. Conery, Judges.

**AFFIRMED.**

**George A. Flournoy**
**Flournoy & Doggett, APLC**
**P. O. Box 1270**
**Alexandria, LA 71309-1270**
**(318) 487-9858**
**IN PROPER PERSON**

**Jacques B. Pucheu, Jr.**
**Pucheu, Pucheu & Robinson**
**P.O. Box 1109**
**Eunice, LA 70535**
**(337) 457-9075**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **George A. Flournoy**

**Joseph Payne Williams, Sr.**
**R. Bray Williams**
**Williams Family Law Firm, LLC**
**P. O. Box 15**
**Natchitoches, LA 71458-0015**
**(318) 352-6695**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Paul J. Cox**

**Valerie T. Schexnayder**
**Robicheaux & Collins**
**450 Laurel St., Suite 1701**
**Baton Rouge, LA 70801**
**(225) 382-5550**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Zurich American Ins. Co.**

**GREMILLION, Judge.**

This matter involves a concursus proceeding invoked by Zurich American Insurance Company (Zurich) to resolve the dispute over attorney fees between George A. Flournoy and Paul J. Cox, both of whom represented Sheila and Rubin Webster in consolidated personal injury actions. An intervention filed by Flournoy in the personal injury suit was dismissed, and Cox successfully argued in the concursus proceeding that the dismissal was res judicata as to Flournoy's claims for attorney fees. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

The Websters were involved in a motor vehicle accident on December 29, 2008. They hired Flournoy, an attorney from Rapides Parish, to prosecute their personal injury claims against Zurich and its insureds in Evangeline Parish. They filed separate suits that were consolidated. The matters were close to trial in March 2010, when the trial judge granted Zurich a continuance. In May 2010, the Websters terminated Flournoy's representation and retained Cox, a Calcasieu Parish attorney. Flournoy intervened in the Websters' suits to preserve his claim for fees. Cox successfully negotiated a settlement from Zurich through mediation in December 2010.

In February 2011, Cox forwarded Flournoy a joint motion to deposit the attorney fee funds into the registry of the court. Flournoy proposed a number of changes to the joint motion, which Cox incorporated before returning the joint motion to Flournoy for execution.

Flournoy then forwarded to all counsel a motion and order for dismissal of his intervention without prejudice. Cox rejected the dismissal without prejudice.

Then Flournoy sent a second dismissal of the intervention with prejudice, but reserving his claim for attorney fees. Cox rejected this, too.

On March 4, 2011, Flournoy filed civil suit number 241,015 on the docket of the Ninth Judicial District Court in Rapides Parish, entitled "George A. Flournoy v. Paul J. Cox, et al.," in which Flournoy named Cox and the Websters as defendants.[1] Shortly thereafter, Flournoy dismissed the Websters from the Rapides Parish suit. Cox filed an exception of lis pendens, arguing that the proceedings ongoing in Evangeline Parish barred consideration of Flournoy's suit in Rapides Parish. The Ninth Judicial District Court maintained the exception of lis pendens and dismissed Flournoy's action on June 22, 2011.

All was not quiet in the Evangeline Parish action during this time. Flournoy made several attempts to dismiss his intervention with a reservation of his rights to seek his fee. One such attempt almost succeeded, as the trial court signed such a dismissal but withdrew it after Cox expressed his objection. The trial court fixed a motion to apportion the attorney fees for May 23, 2011. This hearing was continued at Flournoy's request until June 17, 2011. However, on May 31, 2011, Flournoy filed a motion to dismiss his intervention with prejudice. This motion was signed by the trial court.

On June 21, 2012, Zurich invoked this concursus in Evangeline Parish and named Flournoy and Cox as the defendants. Cox filed an exception of res judicata in which he maintained that Flournoy's dismissal of his intervention with prejudice precluded relitigation of the fee distribution. The trial court maintained Cox's exception. Flournoy now appeals.

---

[1] Cox was not named as a defendant to Flournoy's intervention in the Websters' suits, but Flournoy did attempt to amend his intervention to name Cox. The trial court denied Flournoy leave of court to amend.

Flournoy assigns one error, the maintenance of Cox's exception of res judicata.

## ANALYSIS

Res judicata is governed by La.R.S. 13:4231, which provides:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
>
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
>
> (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

When enacted in 1990, section 4231 substantially altered the concept of res judicata. Before, a second action was only barred when the plaintiff sought the same relief on the same grounds. Comment (a) to the section cites the example of *Mitchell v. Bertolla*, 340 So.2d 287 (La.1976), in which a plaintiff who unsuccessfully sought to void a sale on grounds of lesion beyond moiety was allowed to assert a second cause of action to rescind the same sale on the ground of fraud. The amendment in 1990 incorporated the concept that all causes of action existing at the time of the transaction or occurrence that formed the basis of the first suit are merged in the judgment and extinguished. We remain mindful of the principle that res judicata is strictly and narrowly applied and any doubt as to its applicability must be resolved against its application. *Boudreaux v. Franks*, 12-

3

647, p. 4 (La.App. 3 Cir. 12/19/12), 106 So.3d 270, *writ denied*, 13-189 (La. 3/8/13), 109 So.3d.

According to the terms of La.Code Civ.P. art. 1673, "[a] judgment of dismissal with prejudice shall have the effect of a final judgment of absolute dismissal after trial." Therefore, Cox argues that Flournoy's dismissal with prejudice precluded him from relitigating the issue of attorney fee apportionment because it was as though his claim for fees had been rejected by the trial court. Because Cox's clients, the Websters, were defendants in the Evangeline Parish suit, the identities of the parties is the same because the Websters are privies of Cox. *See Burguieres v. Pollingue*, 02-1385 (La. 2/25/03), 843 So.2d 1049 (citing *Welch v. Crown Zellerbach Corp.*, 359 So.2d 154 (La.1978)).

Flournoy argues that the Websters are not privies of Cox because Cox is not a successor to the same property right as the Websters. He also argues that the demands in the two suits are not the same; his intervention in Evangeline was solely to protect and recognize his interest in his fee, whereas the concursus was invoked to apportion the fee. Lastly, Flournoy argues that the dismissal was not actual litigation of the fee issue, and that res judicata cannot attach.

While the Websters, Cox's clients, were named defendants in Flournoy's intervention, Cox was not; indeed, Flournoy attempted to name Cox and his motion to amend was denied by the trial court. We find that Cox was in privity with the Websters. Louisiana Revised Statute 37:218 reads:

> A. By written contract signed by his client, an attorney at law may acquire as his fee an interest in the subject matter of a suit, proposed suit, or claim in the assertion, prosecution, or defense of which he is employed, whether the claim or suit be for money or for property. Such interest shall be a special privilege to take rank as a first privilege thereon, superior to all other privileges and security interests under Chapter 9 of the Louisiana Commercial laws. In such

4

contract, it may be stipulated that neither the attorney nor the client may, without the written consent of the other, settle, compromise, release, discontinue, or otherwise dispose of the suit or claim. Either party to the contract may, at any time, file and record it with the clerk of court in the parish in which the suit is pending or is to be brought or with the clerk of court in the parish of the client's domicile. After such filing, any settlement, compromise, discontinuance, or other disposition made of the suit or claim by either the attorney or the client, without the written consent of the other, is null and void and the suit or claim shall be proceeded with as if no such settlement, compromise, discontinuance, or other disposition has been made.

B. The term "fee", as used in this Section, means the agreed upon fee, whether fixed or contingent, and any and all other amounts advanced by the attorney to or on behalf of the client, as permitted by the Rules of Professional Conduct of the Louisiana State Bar Association.

Cox acquired an interest in the Websters' claims. He is their privy for purposes of the "identity of parties" element of res judicata.

The parties were the same, as was the cause. The intervention filed by Flournoy not only sought recognition of his interest in the Websters' claims, but of necessity also included the recovery of his interest. Under these circumstances, the dismissal of his intervention in the Websters' tort suit precludes Flournoy from litigating his claim for a portion of the attorney fees resulting from the settlement of the Websters' claims.

Flournoy argues that a subsequent suit is not barred by operation of res judicata because of exceptional circumstances. In support of that argument, Flournoy cites *Skipper v. Berry*, 99-1433 (La.App. 3 Cir. 3/15/00), 762 So.2d 56. *Skipper* involved a suit over a motor vehicle accident. Plaintiff's petition was captioned as a suit in Lafayette City Court but was inadvertently filed in the Fifteenth Judicial District Court instead. The letter accompanying the petition was addressed to the Lafayette City Court. Upon discovering this mistake, plaintiff's counsel filed an identical suit in Lafayette City Court before any defendant had

been served with the petition filed in district court. Plaintiff then, after the city court suit was fixed for trial, voluntarily dismissed the district court suit with prejudice. The defendants then filed exceptions of res judicata.

The trial court ruled that the filing in district court and the dismissal with prejudice were counsel's errors and constituted an exceptional circumstance under La.R.S. 13:4232 and denied the exceptions. We noted the line of jurisprudence in which we refused to apply the doctrine of res judicata when the matter was never actually litigated. Three facts were of paramount consideration for us:

> First, a mistake made by Plaintiff's attorney should not automatically bar Plaintiff's action forever. Secondly, Defendants were well aware of Plaintiff's intentions to litigate his action in City Court. In fact, Defendants did not answer the District Court petition and counsel's misfiling the petition was the only step taken towards litigation in District Court because Plaintiff's attorney informed Defendants of his plans to file in City Court. Third, we find that Defendants are not prejudiced by the overruling of the exception of *res judicata*. In the trial transcript, Defendants admitted that they were not prejudiced.

*Id.* at 60.

In *Brouillard v. Aetna Casualty & Surety Company*, 94-1559 (La.App. 3 Cir. 5/10/95), 657 So.2d 231, we found that exceptional circumstances existed to warrant allowing plaintiff's demand for medical payments, penalties, and attorney fees against an insurer to move forward despite a prior judgment dismissing plaintiff's demands for personal injury damages. Plaintiff had sought to claim penalties and attorney fees, which the trial court denied on the grounds that the issue had not been sufficiently pled. Because plaintiff had received the policy of insurance only days before trial, despite the defendant's delay of over eight months in producing it, we found that the defendant should not be allowed to profit from its dilatory tactics, which precluded plaintiff from knowing about the medical payments benefits provided in the policy.

6

In *Centanni v. Ford Motor Company*, 93-1133, p. 4 (La.App. 3 Cir. 5/4/94), 636 So.2d 1153, 1155, *writ denied*, 94-1949 (La. 10/28/94), 644 So.2d 656, we stated that the exceptional circumstance exception "is designed to protect those drawn into error by an awkward factual or legal scenario, not by those who can allude to no circumstance to justify no action at all." Here, Flournoy was not drawn into error. He cannot blame his counsel for the dismissal with prejudice, as he filed it himself. In short, we discern no action by anyone other than Flournoy himself to cause him to dismiss the intervention with prejudice. Exceptional circumstances are not present.

The judgment of the trial court is affirmed. All costs of this appeal are taxed to defendant/appellant, George A. Flournoy.

**AFFIRMED.**

7