| | | |
|---|---|---|
| **TERRENCE R. SCOTT** | * | **NO. 2024-CA-0120** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **DAVID L. BROWNE,** | * | |
| **CYNTHIA M. CIMINO, AND** | | **FOURTH CIRCUIT** |
| **BROWNE LAW, LLC** | * | |
| | | **STATE OF LOUISIANA** |

**\* \* \* \* \* \* \***

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2020-02060, DIVISION "B"
Honorable Marissa Hutabarat,
\* \* \* \* \* \*
**Judge Rachael D. Johnson**
\* \* \* \* \* \*
(Court composed of Judge Rosemary Ledet, Judge Tiffany Gautier Chase, Judge Rachael D. Johnson)

Terrence R. Scott
23648 Big Branch Drive
Ponchatoula, LA 70454

COUNSEL FOR PLAINTIFF/APPELLANT

Gustave A. Fritchie, III
IRWIN FRITCHIE URQUHART & MOORE, LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130

COUNSEL FOR DEFENDANT/APPELLEE

**AFFIRMED**
**SEPTEMBER 30, 2024**

This appeal concerns a dismissal with prejudice in a legal malpractice case. Pro Se Appellant Terrence R. Scott ("Mr. Scott") appeals the trial court's October 8, 2020 judgment maintaining David Browne ("Mr. Browne"), Cynthia M. Ciminio, and Browne Law LLC's (referred to as "Appellees") peremptory exception of *res judicata* and alternative peremptory exception of peremption. For the following reasons, we affirm the trial court's judgment.

## FACTS AND PROCEDURAL HISTORY

On January 7, 2016, Mr. Scott retained Mr. Browne in anticipation of litigation commenced by USAA General Indemnity Company ("USAA"). Mr. Scott filed a claim against USAA for insurance coverage, damages, statutory penalties, and/or attorney's fees arising out of a fire to his home on February 20, 2015. On January 7, 2016, Mr. Scott and Mr. Browne executed a retainer agreement, establishing their attorney-client relationship. On January 8, 2016, USAA filed a complaint for declaratory judgment against Mr. Scott, commencing the underlying federal action ("USAA Case"). Mr. Scott alleged that on November 22, 2016, Mr. Browne informed him that he needed to attend a conference with the US District court to discuss his case on November 28, 2016. After the conference,

1

the parties resumed settlement discussions and on November 30, 2016, USAA and Mr. Scott settled the case for approximately $575,000.

On May 24, 2017, Mr. Browne initiated an open account suit against Mr. Scott to recover approximately $94,000.00 in attorney's fees and costs for representing Mr. Scott in the USAA Case. Mr. Scott failed to respond, and Mr. Browne obtained a default judgment against Mr. Scott for the attorney's fees and costs owed. On May 31, 2019, Mr. Scott filed a petition for breach of contract against Mr. Browne arising out of Mr. Browne's representation of Mr. Scott in the USAA Case. On October 17, 2019, the trial court found that the breach of contract case, in fact, involves legal services provided by Mr. Browne to Mr. Scott and as such, is governed by La. R.S. 9:5605.[1] The court sustained Mr. Browne's exception of preemption based on Mr. Scott's failure to timely file his legal malpractice action within the one-year preemptive period outlined in La. R.S. 9:5605. Mr. Scott never appealed this judgment.

---

[1] La. R.S. 9:5605 states in pertinent part:

    A. No action for damages against any attorney at law duly admitted to practice in this state … whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

    B. The provisions of this Section are remedial and apply to all causes of action without regard to the date when the alleged act, omission, or neglect occurred. … The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.

    C. Notwithstanding any other law to the contrary, in all actions brought in this state against any attorney at law duly admitted to practice in this state … the prescriptive and peremptive period shall be governed exclusively by this Section.

On April 6, 2019, Mr. Scott alleged that he became aware that Mr. Browne's actions on November 28, 2016, may be grounds for a legal malpractice lawsuit. On May 20, 2019, Mr. Scott initiated his legal malpractice lawsuit against Appellees. In response, Mr. Browne filed a peremptory exception of *res judicata* and alternative peremptory exception of peremption on June 23, 2020, asserting that Mr. Scott cannot maintain this lawsuit because the trial court already found that the claims were time barred. The hearing was held on September 11, 2020. On October 8, 2020, the trial judge ruled in favor of Mr. Browne, granting his peremptory exception of *res judicata* and alternative peremptory exception of peremption, dismissing Mr. Scott's legal malpractice case with prejudice.

Mr. Scott filed a notice of intent to seek supervisory writs with the trial court on October 8, 2020. Mr. Scott then timely filed his writ application with this Court. Finding that the trial court judgment was final and appealable, this court granted the writ application "for the sole purpose of remanding the matter to the trial court to consider the notice of intent [for supervisory writ] as a motion for appeal." The writ was granted on November 10, 2020. On October 4, 2023, Mr. Scott filed his motion for appeal.

On appeal, Mr. Scott's sole assignment of error is that the trial court erred in granting Mr. Browne's peremptory exception of *res judicata* and alternative peremptory exception of peremption.

## STANDARD OF REVIEW

"The standard of review of a peremptory exception of *res judicata* requires an appellate court to determine if the trial court's decision is legally correct or incorrect." *Myers v. Nat'l Union Fire Ins. Co. of Louisiana*, 09-1517, p. 5 (La. App. 4 Cir. 5/19/10), 43 So. 3d 207, 210 (citations omitted). "Louisiana courts

3

recognize that 'a final judgment has the authority of *res judicata* only as to those issues presented in the pleadings and conclusively adjudicated by the court.'" *Ins. Co. of N. Am. v. Louisiana Power & Light Co.*, 08-1315, pp. 6-7 (La. App. 4 Cir. 3/4/09), 10 So. 3d 264, 268 (quoting *Deckmann Assoc. v. IP Timberlands Operating Co., Ltd.*, 96-2209, p. 9 (La. App. 1 Cir. 2/20/98), 710 So. 2d 1091, 1096)). "[T]he doctrine of *res judicata* is *stricti juris,* thus, any doubt concerning the application of the principle must be resolved against its application." *Id.* at p. 7, 10 So. 3d at 268 (citing *Kelty v. Brumfield*, 93-1142, p. 7 (La. 2/25/94), 633 So. 2d 1210, 1215).

## DISCUSSION

As an initial matter we address the timeliness of Mr. Scott's appeal. Although the November 10, 2020 writ disposition instructed the trial court to consider Mr. Scott's notice of intent as a motion for appeal, the order does not appear in the trial court record. According to the trial court record, the trial court first received the November 10, 2020 writ disposition when Mr. Scott filed his motion for appeal on October 4, 2023. As a result, the trial court record was never lodged with this Court in 2020 and the parties never received a notice of lodging which would have provided a briefing schedule.

Rule 4-2 and Rule 4-3 of the Uniform Rules of Louisiana Courts of Appeal provide the following guidelines when applying for supervisory writ:

> **Rule 4-2. Notice of Intention**
> The party, or counsel of record, intending to apply to the Court of Appeal for a writ shall give to the opposing parties or the opposing counsel of record, notice of such intention. The party, simultaneously, shall give notice to the judge whose ruling is at issue, by requesting a return date to be set by the judge within the time period provided for in Rule 4-3.

4

**Rule 4-3. Time to File; Extension of Time**
The judge who has been given notice of intention as provided by Rule 4-2 shall immediately set a reasonable return date within which the application shall be filed in the Court of Appeal. The return date in civil cases shall not exceed 30 days from the date of notice of the judgment, as provided in La. C.C.P. art. 1914.

La. C.C.P. art. 2126 provides the duty of the clerk of trial court when preparing the record for appeal:

> [t]he clerk of the trial court, immediately after the order of appeal has been granted, shall estimate the cost of the preparation of the record on appeal, including the fee of the court reporter for preparing the transcript and the filing fee required by the appellate court. The clerk shall send notices of the estimated costs by certified mail to the appellant and by first class mail to the appellee.

The trial court record does not show: (1) whether November 10, 2020 writ disposition was mailed or e-mailed to the trial court, (2) whether the clerk of the trial court received the writ disposition, and (3) whether the clerk of the trial court estimated the cost of preparing the record on appeal and informed Mr. Scott and Appellees. Although Mr. Scott timely filed his notice of intent and supervisory writ application within the thirty day guidelines provided by Rule 4-2 and Rule 4-3 of the Uniform Rules of Louisiana Courts of Appeal, a clerical error delayed his motion for appeal. The circumstances surrounding the timing of the appeal reaching this court were not in Mr. Scott's control. Mr. Scott has a right to seek an appeal and should not be hindered by any clerical error committed by the trial court or this Court. *See Succession of Horrell,* 21-0168 (La. App. 4 Cir. 5/3/22), 367 So. 3d 6, 8. Therefore, we will consider Mr. Scott's appeal timely because he filed his notice of intent and writ application within the guidelines of Rule 4-2 and Rule 4-3 of the Uniform Rules of Louisiana Courts of Appeal.

5

***Peremptory Exception of Res Judicata***

"*Res judicata* is designed to 'promote judicial efficiency and final resolution of disputes,' and generally precludes the re-litigation of claims arising out of the same facts and circumstances between the same parties of a previous suit in which there is a valid, final judgment. *Sutton v. Adams*, 22-01674, 22-1672, 22-1677 p. 3 (La. 3/7/23), 356 So. 3d 1030, 1032 (quoting *Avenue Plaza, LLC v. Falgoust*, 96-173 (La. 7/2/96), 676 So.2d 1077). The requirements of *res judicata* are set forth in La. R.S. 13:4231, which states:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
> (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

To succeed on a *res judicata* claim, the mover must prove, by a preponderance of the evidence, the following five elements:

> 1) the judgment is valid; 2) the judgment is final; 3) the parties are the same; 4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and 5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject of the first litigation.

*Barrasso Usdin Kupperman Freeman & Darver, L.L.C. v. Burch*, 14-1020, 14-2021, pp. 11-12 (La. App. 4 Cir. 3/18/15), 163 So. 3d 201, 209 (citing *Chevron USA, Inc. v. State*, 07-2469, p. 10 (La. 9/8/08), 993 So. 2d 187, 194). La. C.C.P. art. 425, which defines preclusion by judgment, provides in part that "[a] party shall assert all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation."

The exceptions to the general rule of *res judicata* are set forth in La. R.S. 13:4232, which states in pertinent part:

> A. A judgment does not bar another action by the plaintiff:
> (1) When exceptional circumstances justify relief from the res judicata effect of the judgment;
> (2) When the judgment dismissed the first action without prejudice; or,
> (3) When the judgment reserved the right of the plaintiff to bring another action.

The comments to La. R.S. 13:4232 further explain that it is under the court's discretion "to grant relief from the judgment for exceptional circumstances". *Id.* The court's discretion is on a case by case basis and "allow[s] the court to balance the principle of res judicata with the interests of justice". *Id.* Particularly, it is stated that this exception to res judicata "is not intended to apply in the case where the plaintiff has simply failed to assert a right or claim for damages through oversight or lack of proper preparation." *Id.*

Mr. Scott does not argue that Mr. Browne did not prove by a preponderance of evidence his *res judicata* claim. Instead, he argues that the application of *res judicata* is improper because the case *sub judice*, under La. R.S. 13:4232, is exempt from the general rule of *res judicata*. He further argues that Louisiana Courts have recognized inadequate legal representation as an exceptional

circumstance, resulting as an exception to *res judicata* under La. R.S. 13:4232. Mr. Scott cites *Skipper v. Berry*, arguing that the Court recognized that a mistake by a party's legal representation should not bar the party from seeking action. 99-1433, p. 5 (La. App. 3 Cir. 3/15/00), 762 So. 2d 56, 60. After review of the record, we find that Mr. Scott's argument is without merit.

Mr. Scott's reliance on *Skipper v. Berry* is misplaced. In *Skipper v. Berry*, the "exceptional circumstance" was a mistake where the plaintiff's attorney misfiled their petition in 15th Judicial District Court of Lafayette, rather than in Lafayette City Court, where they intended to litigate his action. 99-1433, p. 1 762 So. 2d at 58. Plaintiff and defendants progressed through discovery and set trial in Lafayette City Court. *Id*. The Plaintiff's attorney then accidentally filed a motion to dismiss with prejudice the action pending in 15th Judicial District Court of Lafayette. *Id*. Defendants, in Lafayette City Court, then filed a peremptory exception of *res judicata*. *Id*. at pp. 1-2, 762 So. 2d at 58. The trial court, under its discretion, found that this was an "exceptional circumstance" and commenced with trial. *Id*. at p. 2, 762 So. 2d at 58. These set of facts are clearly different from the case *sub judice.* Mr. Scott is incorrect when he argues that any form of inadequate legal representation would be exempt from the application of *res judicata*. *Skipper v. Berry* involves a clear mistake in misfiling which could lead to an improper application of *res judicata* and automatically bar a plaintiff from bringing their action. Mr. Browne's case pertains to a lack of representation for an ex parte meeting and does not involve an improper application of *res judicata*. Mr. Browne's reliance on *Skipper v. Berry* is unpersuasive.

As stated earlier, the exceptions for *res judicata* under La. R.S. 13:4232 are not intended to apply to cases where the plaintiff failed to assert a right or claim

due to his or her lack of preparation or oversight. According to the record, that seems to be the case here. Mr. Scott initially filed a breach of contract claim against Mr. Browne on May 31, 2019. As stated in Mr. Scott's petition for the case *sub judice*, he became aware that Mr. Browne's actions on November 28, 2016, constituted grounds for a legal malpractice lawsuit on April 6, 2019. Both the contract claim and legal malpractice claim involve the same parties and arose out of the same transaction or occurrence—Mr. Browne's legal representation of Mr. Scott. Mr. Scott knew of Mr. Browne's actions prior to bringing his breach of contract claim, and he could have asserted the legal malpractice claim on May 31, 2019 as well. As stated in the comments to La. R.S. 13:4232, the exception to *res judicata* is not intended to apply in cases where the plaintiff "failed to assert a right or claim for damages through oversight or lack of proper preparation." Accordingly, we find that the exceptions to *res judicata* do not apply.

## DECREE

For the foregoing reasons, we affirm the trial court's October 8, 2020 judgment maintaining Appellees peremptory exception of *res judicata* and alternative peremptory exception of peremption.

**AFFIRMED**