657 So.2d 231 (1995)
Dorothy BROUILLARD, Plaintiff-Appellant,
v.
AETNA CASUALTY & SURETY COMPANY, Defendant-Appellee.
No. 94-1559.
Court of Appeal of Louisiana, Third Circuit.
May 10, 1995.
*232 Michael Bride, Lake Charles, for Dorothy Brouillard.
Richard A. Chozen, Lake Charles, for Aetna Cas. & Sur. Co.
Before LABORDE, THIBODEAUX and SAUNDERS, JJ.
SAUNDERS, Judge.
The plaintiff appeals from the trial court's judgment sustaining the defendant's exception of res judicata and dismissing her claim. Because we find that exceptional circumstances exist warranting relief from any res judicata effect the previous judgment may have, we reverse.

FACTS
Plaintiff originally sued the defendants for personal injuries allegedly sustained on premises insured by the defendant. After trial on the merits, judgment was rendered in favor of the defendants dismissing plaintiff's demands.
In the case sub judice, the plaintiff sued to recover benefits under the medical payments portion of the Aetna policy as well as penalties and attorney's fees for Aetna's alleged arbitrary and capricious refusal to pay under that portion of the policy. Defendants filed an exception of res judicata, based on the previous judgment, which was sustained by the trial judge.
Plaintiff appeals alleging that the trial court erred in applying La.R.S. 13:4231 to the facts of this case.
LAW
La.R.S. 13:4231 provides, in pertinent part:
(2) If judgment is in favor of the defendant, all causes of action existing at the time of the final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.

*233 (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
The doctrine of res judicata is interpreted stricti juris, and any doubt regarding compliance with its requirements is to be resolved in favor of the plaintiff. Kibodeaux v. Kibodeaux, 93-1143 (La.App. 3 Cir. 04/06/94); 635 So.2d 530. A plea of res judicata should not be sustained unless its application is clearly justified. State, Department of Social Services, in Interest of Sterling v. Coleman, 616 So.2d 844 (La.App. 3 Cir.1993).
Exceptions to the doctrine of res judicata are contained in La.R.S. 13:4232, which provides in pertinent part:
A. A judgment does not bar another action by the plaintiff:
(1) When exceptional circumstances justify relief from the res judicata effect of the judgment; ...
The comments to La.R.S. 13:4232 state that this statute gives a court the authority to exercise its equitable discretion to balance the principle of res judicata with the interests of justice under exceptional circumstances. This court stated that convoluted factual or legal scenarios could qualify as exceptional circumstances which justify the application of this exception. Centanni v. Ford Motor Company, 93-1133 (La.App. 3 Cir. 05/04/94); 636 So.2d 1153, writ denied, 94-1949 (La. 10/28/94); 644 So.2d 656.

MERITS
A review of the record reveals that the plaintiff's attempt to raise the issue of penalties and attorney's fees at the trial on the merits was objected to by the defendant on the ground that this relief had not been sufficiently pled. The trial judge denied the plaintiff's request without looking at the evidence offered by the plaintiff. Therefore, this issue clearly has not been actually litigated and therefore, La.R.S. 13:4231(3) cannot support the defendant's plea of res judicata.
Nor do we find that the facts in the case sub judice are such that La.R.S. 13:4231(2) should be applied to bar the plaintiff's present suit. The previous judgment was rendered in a personal injury action which presumably determined the issues of liability and damages. The issues in the present action are only collaterally related to those in the prior suit because this action is based on the insurance company's alleged failure to honor its obligations under the contract of insurance. We note that an action in contract for failure to adhere to the requirements of the insurance policy would be subject to a ten year prescriptive period as opposed to the one year prescriptive period in tort. In any event, the instant case presents convoluted factual circumstances created by the defendant which justify imposition of the exception to res judicata contained in La.R.S. 13:4232(A)(1).
Plaintiff asserts that she did not receive the policy in question until a few days before trial even though she had repeatedly requested the policy as much as eight (8) months before trial. Therefore, she was unaware that the policy contained a medical payments provision, the source of the obligation she now seeks to enforce, until a few days before trial. Consequently, she did not seek to enforce the medical payments portion of the policy nor did she ask for penalties and attorney's fees for failure to comply with that provision in her pleadings.
It would be unequitable to allow the defendant to delay in providing the policy in question so that the plaintiff is unaware of the existence of a medical payments provision, object to an expansion of the pleadings based on the new information at trial, and then plead res judicata to a subsequent suit. Therefore, we find that this is an appropriate case for the application of La.R.S. 13:4232(A)(1).

DECREE
For the foregoing reasons, the judgment of the trial court granting defendant's exception of res judicata is reversed at defendant's cost *234 and the case is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.