713 So.2d 1286 (1998)
Michael CHAISSON
v.
OCEANSIDE SEAFOOD, et al.
No. 97 CA 2756.
Court of Appeal of Louisiana, First Circuit.
June 29, 1998.
*1287 Denise A. Vinet, Vinet & Vinet, Baton Rouge, for Plaintiff-Appellant Michael Chaisson.
Raymond P. Augustin, Jr., Metairie, for Defendants-Appellees Oceanside Seafood, et al.
Before GONZALES, PARRO and GUIDRY, JJ.
PARRO, Judge.
This is an appeal from a judgment dismissing the claimant's workers' compensation claim on the basis of res judicata. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND
This is the second workers' compensation claim filed by Michael J. Chaisson, Jr. ("Mr. Chaisson") against his employer, Oceanside Seafood ("Oceanside"), and its insurer, Employers Insurance of Wausau ("Wausau"), for medical expenses and disability compensation for injuries he suffered as a result of a work-related accident on December 15, 1993. In the first case, Mr. Chaisson's claim was based on back injuries he suffered while lifting a 55-gallon drum into a cooler. Mr. Chaisson was paid workers' compensation disability benefits in the amount of $10,143.14 and $21,850.82 in medical benefits. Oceanside and Wausau discontinued payments after several physicians, including an independent medical examiner, found no objective signs of continuing disability and determined Mr. Chaisson had reached maximum medical improvement. In August 1995, the workers' compensation judge denied Mr. Chaisson's claim for further benefits because he failed to carry his burden of proving that he was temporarily totally disabled as a result of the accident. This court affirmed that judgment in an unpublished opinion. Chaisson v. Oceanside Seafood, 95-2316 (La.App. 1st Cir. 6/28/96), 676 So.2d 1200.
In the present case, Mr. Chaisson alleged that his back problems from this work-related incident worsened after the previous judgment was rendered. He continued getting medical treatment and in March 1997, he had lumbar fusion surgery to relieve the condition. He claimed that after this surgery, his treating physician classified him as totally and permanently disabled, entitling him to benefits and reimbursement of his medical expenses from Oceanside and Wausau.
Oceanside and Wausau filed a peremptory exception of res judicata, arguing that Mr. Chaisson's claims all arose out of the same transaction or occurrence, were completely litigated in the first suit, and were extinguished by the final judgment denying him benefits. Mr. Chaisson opposed the exception, contending that his cause of action for total and permanent disability did not exist at the time of the first judgment, which determined only that he was not entitled to temporary total disability benefits. He also argues that the first judgment should not bar this action because exceptional circumstances justify relief from the res judicata effect of the judgment.
After a hearing at which Mr. Chaisson testified and presented documentary evidence *1288 of his medical treatments and condition, the workers' compensation judge upheld the exception and dismissed the claim. The judge noted that in the first case, an independent medical examiner opined that surgical intervention was unrelated to the work-related injury. He stated that "the act of undergoing such surgery does not automatically render the surgery related to the work-related injury." He also held that Mr. Chaisson was not entitled to re-litigate the issues previously adjudicated and did not find "exceptional circumstances" that would justify relief from the res judicata effect of the prior judgment. This appeal followed.

STANDARD OF REVIEW AND APPLICABLE LAW
There are no factual disputes in this matter. On legal issues, the appellate court gives no special weight to the findings of the trial court, but exercises its constitutional duty to review questions of law and renders judgment on the record. Gonzales v. Xerox Corp., 320 So.2d 163, 165 (La.1975); Jaffarzad v. Jones Truck Lines, Inc., 561 So.2d 144, 152 (La.App. 3rd Cir.), writ denied, 565 So.2d 450 (La.1990); Franklin & Moore v. Gilsbar, Inc., 95-1520 (La.App. 1st Cir. 5/10/96), 673 So.2d 658.
Any actions filed since January 1, 1991, are governed by the res judicata provisions in LSA-R.S. 13:4231, which, in pertinent part, states the following:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
* * * * * *
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
The principle of res judicata promotes judicial efficiency and final resolution of disputes. Avenue Plaza, L.L.C. v. Falgoust, 96-0173 (La.7/2/96), 676 So.2d 1077, 1079; Terrebonne Fuel & Lube v. Placid Refining Co., 95-0654, 95-0671 (La.1/16/96), 666 So.2d 624, 631.
LSA-R.S. 13:4232 creates three exceptions to the general principle of res judicata, one of which is relied upon by the claimant in this matter. Under that exception, a judgment does not bar another action by the plaintiff when exceptional circumstances justify relief from the res judicata effect of the judgment. LSA-R.S. 13:4232(A)(1). This discretion to grant relief from the judgment for exceptional circumstances is necessary to allow the court to balance the principle of res judicata with the interests of justice. The court must exercise this discretion on a case-by-case basis and grant such relief only in truly exceptional cases, otherwise the purpose of res judicata would be defeated. LSA-R.S. 13:4232, Comment-1990.

ANALYSIS
There is no question that the claim being asserted by Mr. Chaisson in the current litigation arises out of the same transaction or occurrence which gave rise to his first claim against the same defendants. The benefits claimed in both suits arise out of the same back injuries suffered by Mr. Chaisson in the work-related accident in December 1993. As in Matthews v. Farley Industries, 95-1387 (La.2/28/96), 668 So.2d 1144, the claimant contends in this proceeding that he has now become disabled from the original injury, and the issue is whether the earlier judgment precludes Mr. Chaisson's claim for his present disability. This case differs from Matthews, in that the issue being addressed by the court in that case was whether the prior judgment denying benefits could be modified under the provisions of LSA-R.S. 23:1310.8. The issue of whether the prior judgment was res judicata was not directly considered, but was raised in a dissenting opinion, which suggested that the development of a non-disabling injury into a disabling injury may constitute the exceptional circumstances contemplated by LSA-R.S. 13:4232(A)(1). However, the majority opinion did not decide the case on this basis, but decided instead that because the first judgment denied benefits, it could not be modified; only a judgment awarding benefits *1289 could be modified under the governing statute. Because the court decided the Matthews case on a different basis, it is not directly controlling in the case before this court. However, the fact that the dissent suggested an alternative basis for the court's decision, which the majority declined to use, may indicate that the court did not wish to allow the re-litigation of such a claim.
The "exceptional circumstances" clause was mentioned, but not applied, in McClendon v. State, Dept. of Transp. and Development, 94-0111 (La.9/6/94), 642 So.2d 157, because the original suit was filed before the effective date of LSA-R.S. 13:4232. The case involved a claim that a prior adjudication was incorrect because it applied a legal principle that was later overruled by the supreme court in another case. The lower court had applied the "exceptional circumstances" clause, stating that, "as the law now stands, the McClendons were right all along and equity and fair play demand that the wrong that they are suffering be corrected." McClendon, 642 So.2d at 159, citing McClendon v. State, Dept. of Transp. and Development, 626 So.2d 729, 731 (La.App. 5th Cir. 1993). The supreme court noted that "exceptional circumstances may well have existed in this matter," but the new res judicata statute was inapplicable. McClendon, 642 So.2d at 159.
This court has only applied the "exceptional circumstances" provision in one case, Billiot v. LeBeouf Bros. Towing Co., 93-1697 (La.App. 1st Cir. 6/24/94), 640 So.2d 826, writ denied, 94-2367 (La.12/9/94), 647 So.2d 1108. There, the plaintiffs sued in federal court, claiming wrongful death benefits under the Longshoremen and Harbor Workers' Compensation Act ("LHWCA") against Bourg Dry Dock and Service Company, Inc. ("Bourg"), allegedly the decedent's employer, and LeBeouf Bros. Towing Co. ("LeBeouf"), the owner of the barge on which he was working when he died. A motion to dismiss was filed, alleging that LeBeouf, not Bourg, was the decedent's employer, and as his employer, the vessel owner was immune from tort liability under the LHWCA. The federal court judge rendered judgment in favor of LeBeouf. The second suit, filed by the same plaintiffs against LeBeouf in state court, asserted causes of action under the Jones Act and general maritime law. Although the plaintiffs claimed they did not know the true identity of the decedent's employer when they sued in federal court, the state district court ruled that the second suit was barred by res judicata because the Jones Act claims could have been brought in the federal court action prior to final judgment in the first suit. This court reversed, stating:
We are convinced that the nature of the judgment dismissing plaintiffs' [LHWCA] claim justifies relief from its res judicata effect under the exceptional circumstances of the instant case. The federal court judgment dealt with only a portion of plaintiffs' claims. Judge Wicker was not presented, and she did not address, any issues under the Jones Act or the general maritime law. Her judgment of dismissal was merely a procedural recognition of no right of action under the Longshoremen's Act.... The defendant is not entitled to screen itself with a procedural windfall; the plaintiffs are entitled to their day in court.
Billiot, 640 So.2d at 829.
These cases suggest that the "exceptional circumstances" provision is likely to be applied most often in complex procedural situations, in which litigants are deprived of any opportunity to present their claims because of some quirk in the system which could not have been anticipated. "Exceptional circumstances" might also be applied to factual scenarios that could not possibly be anticipated by the parties or decisions that are totally beyond the control of the parties. The case before this court does not involve those types of situations. Here, Mr. Chaisson had a full opportunity to present his disability claim in the first suit. Given his complaints at that time, the later development of his disability is not completely unforeseeable; he simply failed to put forward sufficient evidence to prove his condition at the trial. While his situation may be unfortunate, we do not consider it exceptional, in the sense required by the statutory provision. Therefore, we decline to apply the "exceptional circumstances" provision in this case. The workers' *1290 compensation judge was legally correct in upholding the peremptory exception of res judicata.

CONCLUSION
Accordingly, the judgment dismissing Mr. Chaisson's suit on the grounds of res judicata is affirmed. All costs of this appeal are assessed against Mr. Chaisson.
AFFIRMED.