EDWIN A. LOMBARD, Judge.
hOn August 24, 2004, Willie Benard (“Mr.Benard”) filed a Petition for Damages in the Civil District Court for the Parish of Orleans against several defendants, including Eagle Asbestos & Packing Company (“Eagle”), alleging that he developed mesothelioma as a result of exposure to asbestos while employed as a maintenance mechanic at the Celotex plant in Westwego, Louisiana, from 1968 to 1978. Mr. Benard’s petition further alleged that Eagle sold asbestos products to Celotex during the time that he was employed there. The allegations against Eagle, and numerous other defendants, were based on several theories of recovery including negligence, strict liability, unreasonably dangerous per se, unreasonably dangerous in composition or construction, unreasonably *590 dangerous for failure to warn, unreasonably dangerous for design defect, and fraud.
Eagle and its insurer, OneBeacon America Insurance Company (“OneBeacon”), along with co-defendants McCarty and Reilly-Benton, moved for summary judgment on two bases: First, that Mr. Benard could not prove that he had “significant exposure” to their products; and second, that they had no duty to warn Celotex, a sophisticated user, or its employee, Mr. Benard, of the hazards of asbestos exposure. The trial court denied the motions, and Eagle and OneBeacon filed an application for supervisory writ with this Court seeking review of the trial court’s denial of their motions for summary judgment.
|2On December 25, 2005, in writ number 2005-C-1155, a panel of this Court granted the application for supervisory writ, reversed the portion of the trial court’s judgment that denied Eagle and OneBeacon’s Motion for Summary Judgment, and granted summary judgment in favor of Eagle and OneBeacon, dismissing Mr. Benard’s claims against Eagle and OneBeacon, with prejudice. Afterward, Mr. Benard did not file an application for rehearing with this Court nor an application for writs to the Louisiana Supreme Court.
On January 24, 2006, Plaintiff’s counsel filed a Motion for Status Conference and/or Trial Date to reset the case for trial on the merits against Eagle and OneBea-con as well as the Reilly-Benton Company. Subsequently, Eagle and OneBeacon (hereinafter sometimes referred to as “Defendants”) responded by filing Exceptions of Res judicata and Lack of Subject Matter Jurisdiction, seeking to have the trial court enforce this Court’s ruling and declare that all of Mr. Benard’s claims against them were dismissed. Defendants also filed a Motion for Sanctions. After a hearing on May 18, 2006, the trial court sustained the Defendants’ Exceptions but denied the Motion for Sanctions. A judgment was signed on May 22, 2006. It is from this judgment that Plaintiffs, Mr. Be-nard’s statutory heirs,[1] now appeal.
On appeal, Plaintiffs argue that the trial court erred in sustaining the Defendants’ Exceptions because in granting Defendants’ writ, this Court only dismissed Plaintiffs claims against Eagle and One-Beacon that pertained to an alleged “failure to warn” and left untouched the remaining negligence and strict liability claims against Eagle and OneBeacon. Conversely, Eagle and OneBeacon contend that all of Plaintiffs’ claims against them were previously ruled on when | «this Court granted summary judgment in favor of Eagle and OneBeacon and dismissed Plaintiffs “claims” against them. Therefore, Defendants assert that the trial court properly granted their Exceptions.

Law & Discussion

The doctrine of res judicata precludes re-litigation of claims and issues arising out of the same factual circumstances when there is a valid final judgment. Ansalve v. State Farm Mutual Automobile Ins. Co., 95-0211, p. 8 (La.App. 4 Cir. 2/15/96), 669 So.2d 1328, 1333. It promotes judicial efficiency and final resolution of disputes. Avenue Plaza, L.L.C. v. Falgoust, 96-0173, pp. 4-5 (La.7/2/96), 676 So.2d 1077, 1079.
LSA-R.S. 13:4231 states:
Except as otherwise provided by law, a valid and final judgment is conclusive *591 between the same parties, except on appeal or other direct review, to the following extent:
1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
On appeal, Plaintiffs contend that the Fourth Circuit’s writ disposition in 2005-C-1155 did not address or dismiss their unreasonably dangerous, negligence, and strict liability claims under Halphen v. Johns-Manville Sales Corp., 484 So.2d 14110 (La.1986), but rather, dismissed only the claims related to the duty to warn and that these claims remain to be litigated. However, the record of these proceedings indicates that all of the Plaintiffs’ causes of action against Defendants were raised and were disposed of by this Court. In the writ disposition, the Court noted that Eagle and OneBeacon were before the Court seeking review of the trial court’s motions for summary judgment and that the motions were based on two grounds — that Mr. Benard could not prove exposure to their products and that it had no duty to warn Celotex or Mr. Benard of the danger of asbestos since Celotex was a sophisticated user. The Court further noted, “[I]n connection with the first ground [exposure], Eagle and OneBeacon also filed a motion to strike the deposition testimony of Huey Duhe, whose testimony the plaintiff had submitted in opposition to the motion for summary judgment.” The Court then went on to hold that the “trial court should have granted summary judgment on the basis that Celotex was a sophisticated user,” and therefore, “we decline to consider whether the trial court erred by denying the motion to strike [the testimony proffered by Plaintiffs to support the exposure claim] as that issue is now moot.” The Court decreed, “[W]e grant summary judgment in favor of Eagle and OneBeacon, and dismiss plaintiffs claims against them.” However, despite the plain wording of the Court’s decree, Plaintiffs maintain that only the failure to warn claims were actually litigated and dismissed by the Court and that their claims for strict liability and negligence remain.
An identification of the issues actually litigated is determined by examining the entire record, not just the pleadings. Ebey v. Harvill, 26,373, p. 3 (LaApp. 2 Cir. 12/7/94), 647 So.2d 461, 464. Considering the record in this matter, we find that all of Plaintiffs’ claims against Eagle and OneBeacon were previously | .^adjudicated. In its Opposition to Eagle and One Beacon’s application for supervisory writs to this Court, Mr. Benard argued that his burden of proving significant exposure to Eagle’s products was satisfied by the deposition testimony of Huey Duhe, which was taken in two previous and unrelated cases, that indicated that Celotex may have bought heat insulation for pipes from Eagle. However, the Court determined that since it had determined that Celotex was a sophisticated user, the issues related to exposure were now moot. Thus, implicitly, this Court reviewed and *592 rejected the Plaintiffs’ Halphen claims of negligence, unreasonably dangerous per se, and strict liability. Importantly, although Plaintiffs now argue that this judgment was erroneous, Plaintiffs did not seek a timely review of this Court’s ruling granting summary judgment in favor of Eagle and OneBeacon, either through an application for rehearing or by application for writs to the Supreme Court, and therefore, it became a final judgment. Once a final judgment acquires the authority of a thing adjudged, no court has jurisdiction to change the judgment. Tolis v. Board of Supervisors of Louisiana State University, 95-1529, pp. 2-3 (La.10/13/95), 660 So.2d 1206, 1206-1207. Accordingly, pursuant to the doctrine of res judicata, Plaintiffs cannot re-litigate these issues.
Plaintiffs further argue that even if the doctrine of res judicata is applicable to all of their claims against Eagle and One-Beacon, it would be a miscarriage of justice to apply the doctrine in this case and deprive Plaintiffs of their day in court against Eagle on the strict liability and negligence claims. Although we ultimately disagree with Plaintiffs’ argument, we are mindful of La. R.S. 13:4232 which states in pertinent part:
A. A judgment does not bar another action by the plaintiff:
(1) When exceptional circumstances justify relief from the res judicata effect of the judgment;
| fi(2) When the judgment dismissed the first action without prejudice; or,
(3) When the judgment reserved the right of the plaintiff to bring another action. [Emphasis supplied.]
The comments to La. R.S. 13:4232 state that this statute gives a court the authority to exercise its equitable discretion to balance the principle of res judicata with the interests of justice under exceptional circumstances. However, the comments also provide, “[t]his discretion must be exercised on a case by case basis and such relief should be granted only in truly exceptional cases, otherwise the purpose of res judicata would be defeated.... ” Thus, pursuant to La. R.S. 13:4232, we do have the discretion to decline to apply the doctrine in this case if we find that exceptional circumstances exist that would justify our doing so. Our brethren in other circuits have applied the exception, although sparingly.
For example, in Brouillard v. Aetna Cas. & Sur. Co., 94-1559 (La.App. 3 Cir. 5/10/95), 657 So.2d 231, the Third Circuit held that convoluted factual or legal scenarios could qualify as exceptional circumstances which justify the application of this exception and used its discretion in determining that res judicata should not apply to the plaintiffs claims. However, in the case before us, we do not find, nor do the Plaintiffs assert, that the factual and legal scenarios involving Eagle are so complex or convoluted that res judicata should not apply because a truly exceptional circumstance is present. See also, Chaisson v. Oceanside Seafood, 97-2756 (La.App. 1 Cir. 6/29/98), 713 So.2d 1286.
The comments to this section further note that the exception is not intended to apply in the case where the plaintiff has simply failed to assert a right or claim for damages through oversight or lack of proper preparation. Thus, in Spear v. Prudential Property & Cas. Ins. Co., 98-1663 (La.App. 4 Cir. 1/13/99), 727 So.2d 640, this Court|7found no truly exceptional circumstances existed such that res judica-ta should not apply where the plaintiff failed to assert a claim through oversight or lack of proper preparation. Accord, Floyd v. City of Bossier, 38,187 (La.App. 2 Cir. 3/5/04), 867 So.2d 993; Kevin Associates, L.L.C. v. Crawford, 2004-2227 (La. *593 App. 1 Cir. 11/4/05), 917 So.2d 544, writ denied, 06-0220 (La.5/5/06), 927 So.2d 311. By analogy, in the case at bar, the Plaintiffs effectively, through a desire to retain a trial date because they wanted their dying client to be able to testify, failed to seek appropriate further review of this court’s granting of supervisory writs in writ 2005-C-1155. This was a strategic decision on the part of Plaintiffs’ counsel, and cannot now be the basis for a finding of exceptional circumstances, especially in light of the general speedy manner in which this Court handles applications for rehearing when this Court is notified of the urgency of the need for prompt action.
In Centanni v. Ford Motor Co., 93-1133 (La.App. 3 Cir. 5/4/94, 636 So.2d 1153), unit denied, 94-1949 (La.10/28/94), 644 So.2d 656, another panel of the Third Circuit found a lack of exceptional circumstances when the party seeking to assert that res judicata did not apply failed to apply for a new trial, appeal, or seek nullity of judgment. Like the plaintiffs in Cen-tanni the Plaintiffs in the instant case did not seek timely review of this Court’s writ disposition overturning the trial court’s denial of Eagle’s motion for summary judgment. The Plaintiffs never asserted in any way in any appellate court that our decision went too far.
At the hearing on this appeal, counsel for Plaintiffs argued that application of the doctrine of res judicata to all of Plaintiffs’ claims would be unfair since this Court’s writ disposition granting summary judgment and dismissing Mr. Benard’s “claims” against Eagle and OneBeacon was erroneous, or at best, unclear. However, even if, assuming arguendo, that the judgment was erroneous, the ^correctness of the ruling on that motion is not before this Court. As previously stated, this Court’s judgment became final when Mr. Benard failed to apply to this Court for rehearing or failed to timely file an application for supervisory writ to the Louisiana Supreme Court. Thus, our duty here is only to determine whether the claims Plaintiffs attempt to bring against Eagle and OneBeacon were previously litigated, not whether the prior adjudication of these issues was correct or incorrect. However, even if this Court’s decision granting summary judgment on all of Plaintiffs’ claims was erroneous, we do not find that this would create an exceptional circumstance since Plaintiffs have produced no evidence to this Court that their deceased came in to substantial contact with any Eagle product.
To prevail, a plaintiff in an asbestos case must show, by a preponderance of the evidence, that he was exposed to asbestos from the defendants’ products, and that he received an injury that was substantially caused by that exposure. Abadie v. Metro Life Ins. Co., 00-344 to 00-856 (La.App. 5 Cir 3/28/01), 784 So.2d 46, 90. When multiple causes of injury are present, a defendant’s conduct is a cause in fact if it is a substantial factor generating plaintiffs harm. Quick v. Murphy Oil Co., 93-2267 (La.App. 4 Cir. 9/20/94), 643 So.2d 1291. The only evidence that the Plaintiffs have that would support any finding that Mr. Benard came into contact with an Eagle product at Celotex is the deposition testimony of Mr. Huey Duhe. Neither Eagle’s nor OneBeacon’s counsel were present for Mr. Duhe’s deposition for they were not parties to the case in which Mr. Duhe’s deposition was taken.
We have reviewed the excerpt of Mr. Duhe’s deposition that is attached to the Plaintiffs’ opposition to the motion for summary judgment filed by Eagle and On-eBeacon forming the basis for this Court’s decision in writ 2005-C-1155. That testimony fails to establish that Mr. Benard ever came into contact with any Eagle *594 | ^product, let alone a significant quantity of an Eagle product that would justify holding Eagle and OneBeacon liable.[2] Our law does not permit one to speculate whether Mr. Benard came into contact with a significant quantity of any Eagle product containing asbestos. Palermo v. Port of New Orleans, 04-1804, 04-1805 (La.App. 4 Cir. 3/15/06), 938 So.2d 168, on rehearing, (La.App. 4 Cir. 1/19/07), 951 So.2d 425, writ denied, 07-0363 (La.6/13/07), 957 So.2d 1289; In re Asbestos Plaintiffs v. Bordelon, Inc., 96-0525 (La.App. 4 Cir. 10/21/98), 726 So.2d 9261; Vodanovich v. A.P. Green Industries, Inc., 03-1079 (La.App. 4 Cir. 3/3/04), 869 So.2d 930. Accordingly, we do not find that the facts of this case justify the application of the exception to res judicata in this case.
The record reveals that all of the Plaintiffs’ claims and/or causes of action against Eagle and OneBeacon were indeed previously litigated. Therefore, Plaintiffs are barred by res judicata from raising these issues and litigating them again. Accordingly, we find that the trial court was correct when it sustained Defendants’ Exception of Res Judicata and once again declared that Plaintiffs’ claims, in their entirely, against Eagle and OneBeacon, were dismissed with prejudice. We do not find that any exceptional circumstances exist that would necessitate that the doctrine of res judicata not be applied to this case.
Plaintiffs further contend that the trial court erred in sustaining Defendants’ Exception of Lack of Subject Matter Jurisdiction. However, because we find the issue of res judicata dispositive of the questions presented, we need not reach [ ^Plaintiffs’ argument on the propriety of the trial court’s judgment sustaining Defendants’ Exception for Lack of Subject Matter Jurisdiction.

AFFIRMED.

BONIN, J., dissents and assigns reasons.

. Mr. Benard passed away on September 26, 2006, and his statutory heirs were substituted as named Plaintiffs.

. Mr. Duhe's 1986 deposition merely establishes that Celotex may have purchased Eagle products at some point before the late 1950's. We fail to see how such could establish that Mr. Benard had substantial exposure to any Eagle product absent some formal evidence by a person that saw an Eagle product in the presence of Mr. Benard. It is well established that merely placing a defendant’s product at a particular work site or establishing that the product was sold to the work site does not satisfy a plaintiff’s burden of proving product identification under the law. See, e.g., Abadie, supra, pp. 89-90.