# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 13-631


**SIEMENS WATER TECHNOLOGIES CORP.**

**VERSUS**

**REVO WATER SYSTEMS, LLC, ET AL.**


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20087316
HONORABLE GLENNON P. EVERETT, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## JOHN D. SAUNDERS
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of John D. Saunders, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.


**AFFIRMED.**




**Alan K. Breaud**
**Breaud & Meyers**
**P. O. Drawer 3448**
**Lafayette, LA 70502**
**(337) 266-2200**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
      Siemens Water Technologies Corp.

**Russell Joseph Stutes  Jr.**
**Stutes & Lavergne, LLC**
**600 Broad Street**
**Lake Charles, LA 70601**
**(337) 433-0022**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
   **Revo Water Systems, LLC**
   **Jacob J. David**

**SAUNDERS, Judge.**

Appellants, Revo Water Systems, LLC and Jacob J. David, appeal the trial court's judgment granting Appellee, Siemens Water Technologies', motion to execute judgment, in which Siemens requested the trial court to "execute a Judgment memorializing the Court's award of a Permanent Injunction and awarding attorney fees and expenses." Revo asserts that res judicata bars the granting of this motion and that, in the alternative, the motion was untimely. For the reasons discussed herein, we affirm.

FACTS AND PROCEDURAL HISTORY

On June 24, 2010, a jury reached a verdict in favor of Appellee Siemens Water Technologies (hereinafter "Siemens") and against Appellants Jacob J. David (hereinafter "David") and Revo Water Systems, LLC (hereinafter "Revo"), finding David/Revo willfully and maliciously misappropriated Siemens' trade secrets and engaged in unfair trade practices by copying Siemens' trade dress. The jury awarded damages to Siemens in the amount of $1,482,000.

Siemens then filed a motion seeking a permanent injunction to prevent Revo and David from continuing to infringe upon Siemens' trade secrets and trade dress, as well as an award of attorney fees and expenses. At a hearing on August 12, 2010, the parties presented arguments regarding the specifics of the injunction. The trial court granted Siemens' motion, specifying in the transcript the nature of the injunction as well as awarding attorney fees and costs in the amount requested by Siemens, which totaled $122,187.11.

Both parties submitted proposed judgments to the trial court. Siemens presented a judgment including attorney fees with the judgment on the jury verdict and presented a separate judgment on the permanent injunction. Revo and David presented a judgment including attorney fees and the permanent injunction in the

same judgment. Both parties presented judgments which included the award of attorney fees in the amount of $122,187.11. However, the parties were unable to agree on the form of the judgment due to a dispute about wording. Following a telephone conference with the trial court on the matter, the court executed a judgment on the jury verdict on August 20, 2010. This judgment did not include the attorney fees or the permanent injunction. However, the judgment includes a statement specifying: "Injunctive relief and other collateral issues will [be] submitted to the Court for judgment at a later date."

Revo and David filed an appeal with this court from the August 20, 2010 judgment on the jury verdict. The trial court had not yet executed a judgment on the collateral issues; those matters were absent from the judgment before this court and were not addressed on appeal. This court amended the judgment by reducing the jury's award of damages, and affirmed. *See Siemens Water Technologies Corp. v. Revo Water Sys., LLC*, 11-248 (La.App. 3 Cir. 10/5/11), 74 So.3d 824.

Siemens filed a motion for execution of judgment on December 13, 2012, seeking execution of a judgment on the collateral issues reserved in the judgment on the jury verdict – attorney fees and the permanent injunction. The trial court issued a Judgment on Permanent Injunction and Attorney Fees on February 26, 2013, in which it awarded Siemens attorney fees in the amount of $122,187.11 and a permanent injunction against further use of Siemens' trade dress, which the judgment notes are "established in the Verdict of the jury at the Trial on the Merits on June 21-24, 2010."

Revo and David now appeal the February 26, 2013 judgment. Siemens requests an award of additional attorney fees for the instant appeal. We find that res judicata does not bar the trial court's judgment on the collateral issues of attorney fees and the injunction, nor was Siemens' request for a judgment untimely.

2

Therefore, we affirm the trial court's judgment and award Siemens additional attorney fees for this appeal.

ASSIGNMENTS OF ERROR

1. The February 26, 2013, judgment awarding attorney fees is barred by res judicata.

2. The February 26, 2013, judgment is untimely under La.Code Civ. P. art. 1911.

LAW AND ANALYSIS

*Res Judicata*

This court reviews the res judicata effect of a prior judgment de novo as it is a question of law. *Fogleman v. Meaux Surface Prot., Inc.*, 10-1210 (La.App. 3 Cir. 3/9/11), 58 So.3d 1057, *writ denied*, 11-712 (La. 5/27/11), 63 So.3d 995. Louisiana's res judicata statute is La.R.S. 13:4231, which states:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
>
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
>
> (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

The statute "is interpreted *stricti juris,* and any doubt regarding compliance with its requirements is to be resolved in favor of the plaintiff. A plea of *res judicata* should not be sustained unless its application is clearly justified."

*Brouillard v. Aetna Cas. & Sur. Co.*, 94-1559, p. 2 (La.App. 3 Cir. 5/10/95), 657 So.2d 231, 233 (internal citations omitted).

"The burden of proof is upon the pleader to establish the essential facts to sustain the plea of res judicata." *Mundell v. Mundell*, 03-631, p. 2 (La.App. 3 Cir. 11/5/03), 858 So.2d 768, 770 (quoting *Ins. Assoc., Inc. v. Francis Camel Const., Inc.,* 95-1955, p. 3 (La.App. 1 Cir. 5/10/96), 673 So.2d 687, 689). However, "the doctrine of res judicata is not discretionary and mandates the effect to be given final judgments." *Owens v. Book*, 02-90, p. 3 (La.App. 3 Cir. 6/5/02), 819 So.2d 484, 487 (quoting *Leon v. Moore,* 98-1792, p. 5 (La.App. 1 Cir. 4/1/99), 731 So.2d 502, 505, *writ denied* 99-1294 (La. 7/2/99), 747 So.2d 20).

The doctrine of res judicata is subject to several exceptions, one of which is "exceptional circumstances":

A. A judgment does not bar another action by the plaintiff:

(1) When exceptional circumstances justify relief from the res judicata effect of the judgment.

La.R.S. 13:4232. This court has recognized that the exceptional circumstances exception "gives a court the authority to exercise its equitable discretion to balance the principle of res judicata with the interests of justice under exceptional circumstances." *Brouillard*, 657 So.2d at 233. Furthermore, "convoluted factual or legal scenarios could qualify as exceptional circumstances which justify the application of this exception." *Id*. As the first circuit has explained, this exception is "likely to be applied most often in complex procedural situations, in which litigants are deprived of any opportunity to present their claims because of some quirk in the system which could not have been anticipated." *Mandalay Oil & Gas, L.L.C. v. Energy Dev. Corp.*, 01-993, p. 22 (La.App. 1 Cir. 8/4/04), 880 So.2d 129, 144, *writ denied*, 04-2426 (La. 1/28/05), 893 So.2d 72 (quoting *Chaisson v.*

4

*Oceanside Seafood*, 97-2756 (La.App. 1 Cir. 6/29/98), 713 So.2d 1286). The exception is also applicable to "factual scenarios that could not possibly be anticipated by the parties or decisions that are totally beyond the control of the parties." *Id*.

Revo and David argue that the issue of attorney fees was merged in the August 20, 2010 judgment on the jury verdict and this court's judgment on appeal, barring subsequent action. Thus, Revo and David argue that the doctrine of res judicata requires us to reverse the trial court's February 26, 2013 judgment. Siemens argues that res judicata does not apply to the instant facts.

We agree that, although attorney fees constitute a separate cause of action, they arise out of the same transaction or occurrence as the claims addressed in the August 20, 2010 judgment, as contemplated by La.R.S. 13:4231. *See Diamond B Constr. Co., Inc. v. Dep't of Transp. & Dev.*, 02-573 (La.App. 1 Cir. 2/14/03), 845 So.2d 429. Had Siemens not already raised a claim for attorney fees, and had the trial court not explicitly reserved collateral issues in its August 20, 2010 judgment, res judicata might apply to bar the trial court's follow-up judgment. However, the fact that the trial court addressed and granted Siemens' claim for attorney fees at a hearing and reserved this issue in its judgment creates an exceptional circumstance such that res judicata, if applicable, would still not bar the trial court's February 26, 2013 judgment.

Revo and David point to *Ken Lawler Builders, Inc. v. Delaney*, 36,865 (La.App. 2 Cir. 3/5/03), 840 So.2d 672, in which the second circuit found that res judicata barred a motion for attorney fees where the trial court's judgment did not contain attorney fees. Revo and David argue that *Ken Lawler Builders* "shows that (1) if a judgment doesn't award attorney fees as prayed for, then a party must take action before an appeal; and (2) when the judgment *does not reserve an issue for*

5

*later adjudication*, the trial court has no jurisdiction to enter a judgment after the judgment has become final." (Emphasis added.) Revo and David fail to acknowledge that in the instant case the trial court explicitly reserved collateral issues – which include attorney fees – in its judgment on the jury verdict. *Ken Lawler Builders* does not apply to the facts of the instant case.

Furthermore, the supreme court has recognized that, "inherent in the concept of res judicata is the principle that a party had the opportunity to raise a claim in the first adjudication, but failed to do so." *Jackson v. Iberia Parish Gov't*, 98-1810, p. 9 (La. 4/16/99), 732 So.2d 517, 524. Conspicuously absent from the facts of this case is a failure on Siemens part to raise claims for attorney fees. Siemens did not fail to raise a claim for attorney fees at any stage of the litigation. Rather, this claim had been properly raised and a verbal judgment had been entered by the trial court on the record after a hearing on collateral issues.

Siemens' motion to execute judgment is not an attempt to relitigate issues or to raise a new cause of action that it previously failed to raise. Rather, it is an attempt to memorialize an issue that had clearly already been litigated, as the trial court reached a judgment on this issue. The trial court's judgment on the jury verdict explicitly reserved collateral issues for a later judgment, and the record supports that these matters had been fully litigated. Furthermore, both parties recognized the award of attorney fees in the same amount in the judgments they presented to the trial court after the August 12, 2010 hearing. The attorney fees were never a subject of disagreement, and the parties could not have anticipated that they would be omitted from the trial court's judgment on the jury verdict. The interests of justice would not be served by employing a technical and expansive application of res judicata to bar an attorney fees award which Revo and David themselves acknowledged that they owed in the judgment they presented to the

6

trial court.  Accordingly, we find exceptional circumstances exist such that an exception to res judicata is met regardless of whether res judicata would otherwise bar the granting of Siemens' motion to execute judgment.

*Untimeliness*

Revo argues in the alternative that Siemens' motion to execute judgment was untimely under La.Code Civ.P. art. 1911, which states:

> Except as otherwise provided by law, every final judgment shall be signed by the judge.  For the purpose of an appeal as provided in Article 2083, no appeal may be taken from a final judgment until the requirement of this Article has been fulfilled.  No appeal may be taken from a partial final judgment under Article 1915(B) until the judgment has been designated a final judgment under Article 1915(B).  An appeal may be taken from a final judgment under Article 1915(A) without the judgment being so designated.

Revo and David offer comment (a) to Article 1911, which provides in part, "No time limit for the signing is imposed in any of these articles, but it is contemplated that all judgments will be signed within a reasonable time after rendition, which in turn depends upon the circumstances."   Revo and David argue that "it is unreasonable to present a judgment for signature more than a year after an appellate court renders a judgment on the principal demand in a case and more than thirty months after the attorney's fee issue was heard by the trial court."  However, they provide no authority in support of this contention.  Moreover, they acknowledge in their statement of facts that Siemens did present such a judgment timely, which is also included in the record, and that it was the trial court that failed to include attorney fees in the final judgment on the jury verdict.  Revo and David argue that because "Siemens neglected to take action" regarding the absence of attorney fees in the trial court's judgment until after Revo and David appealed the judgment on the jury verdict, this court must reverse the trial court's eventual award of attorney fees.  We find no merit in this argument.

7

*Attorney Fees*

Siemens requests an additional attorney fee award in the amount of $5,000 for this appeal. "Generally, when an award for attorney's fees is granted at the trial level, additional attorney's fees are proper for work done on appeal." *Wilczewski v. Brookshire Grocery Store*, 08-718, p. 18 (La.App. 3 Cir. 1/28/09), 2 So.3d 1214, 1226, *writ denied*, 09-456 (La. 4/13/09), 5 So.3d 170. Because Siemens has successfully defended its award given by the trial court, and based upon our review of the appellate record, we award $5,000 for work done on this appeal.

## CONCLUSION

Revo and David alleged that the trial court erred in signing the judgment memorializing the collateral issues because it was barred by res judicata and because it was untimely. We find both assignments of error lack merit. Accordingly, we affirm the trial court's judgment. Further, we award Siemens $5,000 in attorney fees for work done on this appeal. All costs of this appeal are assessed to Revo and David.

**AFFIRMED.**