# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 20-534


**GERALD A. NEWBURGER, JR.**

**VERSUS**

**ORKIN, L.L.C., ET AL.**



**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 261,969
HONORABLE GEORGE C. METOYER, JR, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**SHARON DARVILLE WILSON**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of John E. Conery, Van H. Kyzar, and Sharon Darville Wilson, Judges.


**EXCEPTION OF RES JUDICATA MAINTAINED.**
**REVERSED.**

**William Alan Pesnell**
**Alan Pesnell Lawyer, LLC**
**120 E. Mark Street**
**Marksville, LA 71351**
**(318) 717-2380**
**COUNSEL FOR PLAINTIFF APPELLANT:**
    **Gerald A. Newburger, Jr.**

**Matthew L. Nowlin**
**Keiser Law Firm, P.L.C.**
**P. O. Box 12358**
**Alexandria, LA 71315**
**(318) 443-6168**
**COUNSEL FOR DEFENDANT APPELLEE:**
    **Cypress Point At Lake District Condo Assoc.**

**WILSON, Judge.**

Defendant, Cypress Point at Lake District Condominium Association (Cypress Point) filed a motion to assess attorneys' fees and costs. Plaintiff, Gerald A. Newburger Jr., filed an opposition to the motion and an exception of res judicata. The trial court denied the exception and granted the motion and assessed $25,000 in attorneys' fees in favor of Cypress Point. Mr. Newburger appeals. For the following reasons, we reverse and maintain Mr. Newburger's exception of res judicata.

## I.

## ISSUES

We must decide:

1) Can the trial court award attorneys' fees where no statute is implicated allowing any such fees, and where no contract is applicable to attorneys' fees in the instant suit, and where the Appellee has failed to make a compulsory reconventional demand?

2) Should the Trial court have granted the Exception of Res Judicata or upheld the defense of res judicata?

3) What is reasonable attorneys' fees for a case that consisted of document production, one deposition, and a directed verdict, where no detailed affidavit of attorneys' fees was ever served on Appellant and where it was not presented in open court?

## II.

## FACTS AND PROCEDURAL HISTORY

This current matter stems from an action brought to enjoin Cypress Point from spraying noxious chemicals around Mr. Newburger's condominium. As alleged by the petition, Cypress Point contracted for certain noxious chemicals to be sprayed at the condominium of Mr. Newburger in connection with certain

pest control operations, which he claimed caused adverse health reactions. Mr. Newburger's petition prayed for injunctive relief against Cypress Point to prevent continued use of the noxious chemicals at his condominium.

In February 2019, following the beginning of the trial on injunctive relief, the trial court dismissed the matter on a directed verdict. Mr. Newburger appealed that decision, and on November 6, 2019, this Court affirmed the trial court's ruling.[1] Following this Court's ruling, Cypress Point filed a Motion for Assessment and Recovery of Attorney's Fees and Costs. The sole basis for assessing attorneys' fees was the provision of the Condominium Declaration, which are filed of record in the public record of Rapides Parish, Louisiana. Cypress Point requested the assessment and recovery of attorneys' fees in the amount of $36,133.50 and for recovery of certain non-record costs.

In response, Mr. Newburger filed an opposition and an exception of res judicata. Mr. Newburger argued that the demand for attorneys' fees at such a stage in the suit was a compulsory reconventional demand under La.C.C.P. Art. 1061(B) and that the trial court's judgment, as affirmed by this court, was res judicata as to all matters including attorneys' fees.

Following a hearing on the motion, the trial court assessed attorneys' fees at $25,000.00 against Mr. Newburger. Mr. Newburger then perfected this appeal.

III.

**STANDARD OF REVIEW**

---

[1] Court composed of Judge D. Kent Savoie, Judge Phyllis M. Keaty, and Chief Judge Ulysses Gene Thibodeaux found that the Trial Cour committed no manifest error or abuse of discretion and affirmed. Newburger v. Orkin, L.L.C., 2019-383 (La.App. 3 Cir. 11/6/19); 283 So.3d 549.

When an exception of res judicata is raised before the case is submitted in the trial court and evidence is received on the exception, the traditional standard of review on appeal is manifest error. *Leray v. Nissan Motor Corp. in U.S.A.*, 05-2051 (La.App. 1 Cir. 11/3/06); 950 So.2d 707. However, "the res judicata effect of a prior judgment is a question of law that is reviewed de novo." *Fogleman, et al. v Meaux Surface Protection, Inc.*, 10-1210 (La.App. 3 Cir. 03/9/11), 58 So.3d 1057, *writ denied*, 11-712 (La. 5/27/11), 63 So.3d 995.[2]

IV.

## LAW AND DISCUSSION

Res Judicata

In consideration of judicial efficiency, this Court finds it necessary first to address Plaintiff's second assignment of error regarding res judicata. An exception of res judicata is a peremptory exception under La. Code Civ. P. Art. 927 and may be recognized by an appellate court on its own motion. In his second assignment of error, Plaintiff argues that the trial court committed legal error when it denied his exception of res judicata.

Louisiana Revised Statutes 13:4231, which sets forth the doctrine of res judicata, provides as follows:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.

---

[2] *Fogleman* is quoting *Morales v. Parish of Jefferson*, 10-273 (La.App. 5 Cir. 11/9/10), 54 So.3d 669.

(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.

(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

Simply put, res judicata bars re-litigation of a subject matter arising from the same transaction or occurrence of a previous suit. Therefore, the court must determine whether the second action asserts a cause of action that arises from the same transaction or occurrence as the subject matter of the first action. *Diamond B Constr. Co., Inc. v. Dep't of Transp. & Dev.*, 02-0573 (La.App. 1 Cir. 2/14/03), 845 So.2d 429.

In response, Cypress Point raise two arguments as to why res judicata does not apply. First, Cypress Point argues that the adjudication of Newburger's underlying injunction proceeding was not made final until this Court's November 6, 2019, ruling; therefore, the action for recovery of attorneys' fees did not mature until after this Court's prior judgment became final. The record shows that the trial court issued its ruling on February 25, 2019. Newburger appealed the trial court's decision; then, on November 6, 2019, this Court affirmed the trial court's ruling. Cypress Point concedes in argument that this is the point the judgment becomes final. Following a final judgment, res judicata bars re-litigation of a subject matter arising from the same transaction or occurrence of a previous suit. *Ave. Plaza, L.L.C. v. Falgoust*, 96-0173 (La. 7/2/96), 676 So.2d 1077. *Leon v. Moore*, 98-1792 (La.App. 1 Cir. 4/1/99), 731 So.2d 502, *writ denied,* 99-1294 (La. 7/2/99), 747 So.2d 20. Cypress Point did not file the Motion for Assessment and Recovery of

4

Attorneys' Fees and Costs until March 12, 2020, several months after they agree the judgment became final. Therefore, Cypress Point's motion is barred by res judicata.

Secondly, Cypress Point argues that they did make a plea for attorneys' fees in their original answer. This plea was made when they incorporated, by reference, the Condominium Declaration that provides Cypress Point the right to recovery of cost and attorneys' fees. As provided by Louisiana Revised Statute 13:4232, the doctrine of res judicata is subject to several exceptions, one of which is referred to as "exceptional circumstances." This Court has previously ruled that a judgment reserving the issue of attorneys' fees qualifies as an "exceptional circumstance" to bring forth such a motion for assessment of cost and attorneys' fees after the judgment becomes final. *A.M.C v. Caldwell,* 17-628, p. 12 (La.App 3 Cir. 2/15/18), 239 So. 3d 948. *Siemens Water Technologies Corp. v. Revo Water Systems, LLC,* 13-631(La.App. 3 Cir. 1/18/14), 130 So. 3d 473.

It is recognized throughout Louisiana jurisprudence that "inherent in the concept of res judicata is the principle that a party had the opportunity to raise a claim in the first adjudication, but failed to do so." *Jackson v. Iberia Par. Gov't,* 98-1810 (La. 4/16/99), 732 So.2d 517. Louisiana jurisprudence requires that the issue of attorneys' fees and cost not just be pled, but also reserved by the court prior to the final judgment or through said judgment. While it may be true that the issue of attorneys' fees was raised by reference in Cypress Point's answer, this issue was not reserved or discussed in the judgment. Furthermore, the trial court assigned the issue of cost following the dismissal and before the final judgment. The request for added cost and for attorneys' fees was still not made by Cypress

Point. As this Court sees it, there were clear opportunities to reserve the request, yet, not made, and therefore no exceptional circumstances exist.

In their brief, Cypress Point writes, "it is simply antithetical to both [the] Condominium Declaration and LSA-R.S. 13:4231, …, to have required the parties to litigate recovery of costs and attorneys' fees before the predicate for recovery was ever established, all while Cypress Point continued to incur attorneys' fees in defending against Newburger's first appeal." This statement suggests that Cypress Point believes new issues from the litigation caused the violation of their Condominium Declaration that now requires them to file for added cost and attorneys' fees. If these new issues were filed in a subsequent lawsuit, then perhaps res judicata would not apply. However, the judgment in this matter is final and any such action following is deemed res judicata. The trial court erred in failing to grant the exception.

Given our decision to reverse the trial court's ruling and maintain the exception of res judicata, a review of the remaining assignments is unnecessary.

V.

## CONCLUSION

For the foregoing reasons, the exception of res judicata filed by Mr. Newburger is maintained. The ruling of the trial court is reversed. All costs of this appeal are assessed to Defendant/Appellee, Cypress Point, Lake District Condominium Association.

**EXCEPTION OF RES JUDICATA MAINTAINED.**
**REVERSED.**